## Kruck, Administrator, v. Prine, Baker & Co.

1. **Practice; JURY TRIAL: AGREEMENT.** Where a case is submitted upon an agreement, stipulating for a trial by the court, the objection cannot thereafter be made by a party that he was refused a jury; especially where the record fails to disclose the fact that a jury was requested.

2. —— **FINDING OF FACTS.** Nor can the objection be urged, that no finding of facts was returned by the court, although it was so stipulated in the agreement of submission, unless the omission was made a ground of objection at the trial below.

*Appeal from Marion District Court.*

Tuesday, July 9.

The defendants are sued by attachment for the price of eighty-two head of fat hogs, valued at $695.76; also on an open account for sundries amounting to $79.52. Before the defendants answered, the parties entered into a written agreement to arbitrate all matters of differences between them, naming the arbitrators, and making their award a rule of court. Afterward, another agreement was made, by the terms of which, this submission was set aside and declared void, and the cause agreed to be submitted to the court, upon the proofs and testimony taken before the arbitrators, with leave to the defendants to take the deposition of A. M. Coonrad, and the plaintiff take such testimony as he may choose, rebutting thereto; that defendants have leave to file answer and plaintiff reply thereto, and thus make up the issue at any time, either before or after the cause is decided by the court. That the court make a finding of the facts, and the decision be entered as of this or the next term of the court. At the May Term, 1862, the case was submitted to the court, which found in favor of defendants, in behalf of whom a judgment for costs was rendered. Two and a half years

after this, at the November Term, 1864, upon the motion of plaintiff, the above judgment was set aside, and the court ordered that the same should be retried on the same evidence, which had been received and considered at the previous trial. At the November Term, 1865, the case was again submitted to the court, and time given for counsel to furnish briefs. At the November Term, 1866, there being no decision of the court upon the submission, the defendants filed their answer denying, first, all the allegations of plaintiff's petition; secondly, that they had purchased a lot of hogs, the number of which the plaintiff had represented to be 741, weighing 173,602 pounds; that they paid for the same at $3.25 per hundred, being the contract price, without knowing but believing the number and weight to be as stated. That afterward it was ascertained that there were but 665 hogs, and that their weight amounted to 150,000 pounds, being 23,602 pounds short of the amount they had paid for. They also set up a counter claim of $450 damages for the wrongful suing out of the attachment against them. The answer, not sworn to, upon motion was stricken from the files. After its verification, a second motion to strike was overruled. A replication traversing the answer was filed. The cause was then tried by the court, which again found for the defendants, and, after overruling a motion for a new trial, rendered a judgment against him for costs, whereupon he appeals.

*Phillip, Gatch & Philips* with *J. E. Neal* for the appellant.

*W. H. Seevers* for the appellees.

Lowe, Ch. J.—The objections made to the proceedings below may be readily and briefly disposed of. The agree-

1. PRACTICE: ment which took the cause from the arbitra-
jury trial:
agreement. tors, and reinstated it for trial in court, and
stipulating the manner of the trial, continued in force
till the final disposition of the cause, except such of its
provisions as were waived by the parties; the complaint,
therefore, that the plaintiff was refused a jury trial after
a demand, is without any foundation. It does not appear
that any request of the kind was made; on the other
hand, the agreement referred to expressly stipulated for a
trial by the court.

It is true the same agreement did provide for a finding
of the facts by the court which should be entered of
2. —— finding record. The omission of this duty by the
of facts. court is also made the ground of objection.
But at the trial it was not insisted upon by the complain-
ing party, nor was there any objection made at the time,
and it is now too late to insist upon the omission as error.

A careful revision of the testimony shows that the
motion for a new trial, because against the same, was not
improperly overruled. So far from the decision being
clearly unauthorized by the evidence, we are inclined to
the opinion that the defense pleaded was so far supported
by the weight of testimony introduced, that the probabili-
ties are against a different result, should a new trial be
ordered. The other errors assigned are based upon facts
which the record shows are not true, and need not,
therefore, be noticed.

Affirmed.