## UNITED STATES *v.* EMHOLT.

1. At the hearing in the Circuit Court of an appeal from the District Court, the district judge who rendered the decision appealed from cannot, under sect. 614 of the Revised Statutes, give a vote, even by consent of parties, when another judge is present; and the case cannot be brought to this court upon a certificate of division of opinion between him and the other judge.
2. An information for a forfeiture under the internal revenue laws cannot be brought from the Circuit Court to this court by appeal.

APPEAL from the Circuit Court of the United States for the Western District of Wisconsin.

This was an information, for the forfeiture of the right, title, and interest of Severin Schulte in certain real estate on which he carried on the business of a distiller, without having given bond as required by law, and with intent to deprive the United States of the tax on the spirits distilled by him.

In the District Court, held by Judge Bunn, Bernard Emholt and Eliza Bergener appeared and answered as claimants of the real estate under mortgages from Schulte. Upon the trial it was found by special verdict that Schulte was guilty as charged in the information, and that he held the legal title to the real estate, subject to a mortgage to each of the claimants; judgment was given that the mortgages constituted no lien or incumbrance against the United States, and that all the real estate be forfeited; and the claimants appealed to the Circuit Court.

In the Circuit Court, held by Mr. Justice Harlan and Judge Bunn, the judgment was reversed; and a certificate, signed by Mr. Justice Harlan only, was entered of record, stating that the hearing upon the special verdict found in the District Court was, by consent of parties, had before the circuit justice and the district judge, and that they were divided in their opinion on the question whether, upon the facts found in the special verdict, the United States was entitled to judgment forfeiting the property described in the information to the use of the United States, except subject to the interest and claim of the claimants, as set out in their answers.

From the judgment of the Circuit Court the district attor-

ney, on behalf of the United States, claimed an appeal to this court, which was allowed. ·

*The Solicitor-General* for the United States.

*Mr. George C. Hazelton* and *Mr. S. U. Pinney, contra.*

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court. ·

This court has no jurisdiction of the question certified. The office and object of a certificate of division of opinion are to bring to this court for determination a question of law upon which the opinions of two judges, competent to take part in the judgment of the Circuit Court, are opposed to each other. By the provisions of sect. 4 of the act of Sept. 24, 1789, c. 20, and of sect. 5 of the act of April 29, 1802, c. 31, re-enacted in the Revised Statutes, sect. 614, upon the hearing in the Circuit Court of an appeal from a judgment of the District Court, the district judge who rendered the decision appealed from, although he may, for the information of the Circuit Court, assign his reasons for that decision, is prohibited from voting or taking part in the judgment of the Circuit Court, and that judgment is to be entered according to the opinion of the judge who is not so disqualified. The provision of sect. 2 of the act of March 2, 1867, c. 185, also incorporated in the same section of the Revised Statutes, which, in order to prevent failure or delay of justice, permits such a case, by consent of parties, to be heard and disposed of by the district judge when alone holding the Circuit Court, has no application when another judge is present. And the provisions of sect. 6 of the act of April 29, 1802, c. 31, and of sect. 1 of the act of June 1, 1872, c. 255, embodied in sects. 650, 652, 693, 697, of the Revised Statutes, do not enlarge the authority of the district judge in this respect. It necessarily follows that the case cannot be brought to this court upon a certificate of division of opinion between the judge who is qualified and the judge who is disqualified to take part in the judgment. *United States* v. *Lancaster,* 5 Wheat. 434; *Nelson* v. *Carland,* 1 How. 265.

The case cannot be treated as before this court on the appeal from the Circuit Court, without regard to the certificate of division, because it is on the common-law side of that court.

If it is to be considered as a civil action, the proper mode of bringing it up is by writ of error, and not by appeal. *Bevins* v. *Ramsey*, 11 How. 185; *Jones* v. *La Vallette*, 5 Wall. 579. If, according to *Clifton* v. *United States* (4 How. 242, 250), it should be treated as in the nature of a criminal proceeding, it is hard to see how it could be brought to this court at all, except upon a certificate of division of opinion. *Ex parte Gordon*, 1 Black, 503.

Neither the consent of parties nor the allowance of the appeal in the court appealed from can enable this court to review the judgment of that court in any other form of proceeding than the law prescribes. *Kelsey* v. *Forsyth*, 21 How. 85; *Callan* v. *May*, 2 Black, 541.

This court having no jurisdiction of the case, the appeal must be dismissed, and the case

*Remanded to the Circuit Court.*