Doty and another *v.* Jewett and others.

*Circuit Court, N. D. New York.* February 16, 1884.)

1. **Jurisdiction of Circuit Courts—Review of Proceedings in District Court—Waiver of Jury.**

   The circuit courts of the United States have no jurisdiction to review any question raised by a bill of exceptions in an action at law in a district court, where the facts have been found without the aid of a jury, since there is no warrant in the statutes for the waiver of a jury in the district courts.

2. **Same—Appeal—Bill in Equity—Action at Law—Writ of Error.**

   Proceedings in equity in the district courts can be reviewed in the circuit courts only upon appeal, and not upon writ of error. If a writ of error is taken, the court of review can only treat the case as an action at law.

3. **Same—Limited by Statute.**

   The circuit court has no jurisdiction to revise judgments of the district court in any other way than the statutes prescribe; and no agreement of the parties, can give it such authority.

At Law.

*Thomas Corlett,* for plaintiffs in error.

*Ruger, Jenney, Marshall & Brooks,* for defendants in error.

BLATCHFORD, Justice. This is an action brought in the district court of the United States for the Northern district of New York, by the plaintiffs in error against the defendants in error. The first pleadings of the plaintiffs calls itself a complaint and is sworn to as a complaint. It sets forth the copartnership of Albert Jewett and William Johnson, as Jewett & Johnson; an indebtedness of the firm to the Phœnix Mills, a corporation, of $6,208.51, for goods sold and moneys advanced; the adjudication of the corporation as a bankrupt; the appointment of the plaintiffs and said Johnson as its assignees; an assignment to them; the death of Johnson; the insolvency of Jewett; the want of copartnership assets of Jewett & Johnson to pay any part of said debt; the absence of any other remedy for the plaintiffs to collect the debt, except against the estate of Johnson; the granting of letters of administration on his estate to the defendants Angeline C. Johnson and Stephen B. Johnson; the non-payment of any of the debt; and its existence as a debt against the estate of Johnson, enforceable by the plaintiffs. The prayer is for judgment against Jewett, surviving partner, and against the other defendants as administratrix and administrator, for $6,208.51, with interest. Jewett put in a separate answer containing three distinct defenses, to which the plaintiff put in a replication, which treated the answer as consisting of three pleas, and itself contained two separate pleadings, each of which concluded to the country. The other defendants put in a separate answer containing five separate defenses, to which the plaintiffs put in a replication, which treated the answer as consisting of five pleas, and itself contained five separate pleadings, each of which concluded to the country. Each of the replications speaks of the plaintiffs' initial pleading as a "declaration."

The case is before this court on a writ of error. The record shows that the action was tried by consent, in the district court, before that court held by the district judge, without a jury; that a jury was duly waived by the parties; that the judge heard evidence, both parties appearing; that he made certain decisions to which the plaintiffs excepted; and that he dismissed the complaint on the ground of a bar by a statute of limitations. A bill of exceptions was signed, and a judgment was entered dismissing the complaint on 'the merits, and awarding costs to the defendants. The plaintiffs brought a writ of error. No other questions are sought to be reviewed, except those arising on the bill of exceptions. It was held by this court, in *Town of Lyons* v. *Lyons Nat. Bank*, 19 Blatchf. C. C. 279,[1] that no question arising on a bill of exceptions could be considered by this court on a writ of error to the district court, in an action at law, where the facts were found by the district court without a jury. The question was there fully examined, and the following authorities were cited and reviewed: *Guild* v. *Frontin*, 18 How. 135; *Suydam* v. *Williamson*, 20 How. 432; *Kelsey* v. *Forsyth*, 21 How. 85; *Campbell* v. *Boyreau*, Id. 223; *U. S.* v. *15 Hogsheads*, 5 Blatchf. C. C. 106; *Blair* v. *Allen*, 3 Dill. 101; *Wear* v. *Mayer*, 2 McCrary, 172; [S. C. 6 FED. REP. 658.] It was held that the question is one of the power and authority of the court, and is not such a question of practice, or such a form or mode of proceeding, as is embraced in section 914 of the Revised Statutes, which adopts for the circuit and district courts of the United States, in suits at law, the practice of the state courts; and that there is nothing in section 914 which extends or affects the power of this court, as it before existed, on a writ of error to the district court. The want of power consists in this: that section 566 of the Revised Statutes requires that issues of fact, in actions at law in the district courts, shall be tried by a jury, and there is no statutory provision for the waiver of a trial by jury in such actions, and no special statutory power conferred on this court to consider any question raised by a bill of exceptions in such an action not tried by a jury.

It is urged for the plaintiffs in error that in regard to the representatives of Johnson the suit is in the nature of a suit in equity, as the complaint alleges the insolvency of Jewett. The answer to this is that the plaintiffs, by their pleadings, have treated the action throughout as a suit at law. By section 4979 of the Revised Statutes jurisdiction is given to the district courts of suits at law and in equity brought by an assignee in bankruptcy against any person claiming an adverse interest touching any property or rights of the bankrupt transferable to or vested in the assignee. Under the rulings of the supreme court in *Jenkins* v. *International Bank*, 106 U. S. 571, [S. C. 2 Sup. Ct. Rep. 1,] the present suit is either a suit at law or a suit in equity, within the provisions of section 4979. If

[1] S. C. 8 FED. REP. 369.

a suit in equity, it would be commenced by bill, and the proceedings would be in conformity to the rules of equity practice established by the supreme court, as required by general order No. 33 in bankruptcy. This has not been done. The plaintiffs, in their replication, call their own first pleading a declaration, and the defendants' pleading pleas, and their replication consists of five pleadings, each of which concludes thus: "and this the said plaintiffs pray may be inquired of by the country," etc. Moreover, they waived a trial by jury, and they made a bill of exceptions, and they sued out a writ of error, all badges of a suit at law, and not of a suit in equity. By section 4980 of the Revised Statutes it is provided that "appeals may be taken from the district to the circuit courts in all cases in equity, and writs of error from the circuit courts to the districts courts may be allowed in cases at law arising under or authorized by this title." The fact of the taking of a writ of error establishes that this is a case at law, so far as this court is concerned. If it were a case in equity, a review by this court would have to be by appeal, in order to give this court jurisdiction.

It is urged that the trial by the court took place as it would have done in an equity suit; and that, as the case is one reviewable in one or the other of the two modes, the objection to the mode may be waived by the other side, and such waiver has taken place in this case. Some authorities under the state practice in New York are referred to. But the question is one of jurisdiction. The agreement of parties cannot authorize this court to revise a judgment of the district court in any other mode of proceeding than that which the law prescribes, nor can the laws or practice of a state, in regard to the proceedings of its own courts, authorize this court or the district court to depart from the modes of proceeding and rules prescribed by the acts of congress. *Kelsey* v. *Forsyth,* 21 How. 85, 88; *Merrill* v. *Petty,* 16 Wall. 338, 347; *U. S.* v. *Emholt,* 105 U. S. 414, 416.

As the district court had jurisdiction of the subject-matter and of the parties, and as there is no error in the record, and as nothing found in the bill of exceptions can be considered, the judgment must be presumed to be right, and must be affirmed, with costs. *Campbell* v. *Boyreau,* 21 How. 223, 227; *Town of Lyons* v. *Lyons Nat. Bank,* 19 Blatchf. C. C. 279, 289; [S. C. 8 FED. REP. 369.]