## HARMON *v.* UNITED STATES.

*(Circuit Court, D. Colorado. October 27, 1890.)*

FEDERAL COURTS—JURISDICTION OF DISTRICT JUDGE—WRIT OF ERROR.

Rev. St. U. S. §§ 591, 592, 596, provide that a circuit judge may appoint a district judge to hold court in another district than his own, with the same powers as the judge of that district: "but no such judge shall hear appeals from the district court." Section 614, Id., provides that a district judge, when holding circuit court alone, may, by consent of parties, hear an appeal or writ of error from his own decision in the district court. *Held,* that a district judge, when holding circuit court in another district by appointment of the circuit judge, could, by consent of the parties, hear and determine a writ of error in a criminal case from the district court.

On Writ of Error from District Court.

This case was submitted on the record and the following agreed statement of facts:

"It is hereby stipulated by and between Lawrence Harmon, plaintiff in error, by Patterson and Thomas, his attorneys, and the United States of America, by John D. Fleming, United States attorney for the district of Colorado, as follows in the above-entitled cause:

"*First.* That a writ of error was duly sued out of the circuit court of the United States for the district of Colorado to the district court of the United States in and for said district in the above-entitled cause, and that upon the presentation of the record of said cause to the Honorable DAVID J. BREWER, then judge of the circuit court of the United States in and for the eighth judicial circuit, the said the Honorable DAVID J. BREWER, as judge, did order that the said writ of error issued in said cause should be made to operate as a *supersedeas* therein.

"*Second.* That the said cause was duly docketed in the said circuit court for the district of Colorado, and was entered upon the docket of said circuit court as case ' No. 2,493.'

"*Third.* That thereafter the said, the Honorable DAVID J. BREWER, as judge of the circuit court, did make the following order and appointment, which was duly entered of record in the office of the clerk of the said circuit court for the district of Colorado, as follows:

" ' UNITED STATES CIRCUIT COURT, DISTRICT OF COLORADO.

" ' In my judgment, the public interests so requiring, I do hereby designate and appoint Hon. JOHN F. PHILLIPS, United States district judge for the western district of Missouri, to hold the circuit court of the United States for the district of Colorado for the present term, in aid of the Hon. MOSES HALLETT, district judge of said district.

" ' Witness my hand, this, the 6th day of December, A. D. 1889.

" ' DAVID J. BREWER, Circuit Judge.'

"*Fourth.* That thereafter, and by virtue of said order and appointment, the said Hon. JOHN F. PHILLIPS, district judge aforesaid, did hold this present term of the said circuit court at Denver, in the district of Colorado.

"*Fifth.* That upon, to-wit, the 20th day of December, 1889, it being one of the judicial days of the term for which the said Hon. JOHN F. PHILLIPS was appointed to hold the said term of the circuit court, as aforesaid, on motion of the plaintiff in error, and with the consent of the United States of America, through John D. Fleming, United States attorney for said district, the said cause and the errors alleged were submitted to the said circuit court, presided over by the said Hon. JOHN F. PHILLIPS alone, under and by virtue of said

appointment, for determination and decision, and the plaintiff in error, by his attorneys, and the United States of America, by the said John D. Fleming, United States attorney for the district of Colorado, did appear before the said circuit court, presided over by the said Hon. JOHN F. PHILLIPS, as aforesaid, and did fully present by argument the said cause and errors alleged therein, both in behalf of the said plaintiff in error, and in behalf of the said defendant in error, and did then and there submit the same to the said court for its decision.

"*Sixth.* That afterwards, and upon, to-wit, the 5th day of March, A. D. 1890, the same being one of the judicial days of the term of the said circuit court over which the said Hon. JOHN F. PHILLIPS had been appointed, the said Hon. JOHN F. PHILLIPS, as said judge, and under and by virtue of his said appointment, did file in the clerk's office of the said circuit court in and for said district his opinion in writing in said cause. in and by which said opinion the judgment of the said district court in said cause was reversed; and for the cause set forth in the said opinion the said defendant was ordered to be discharged without day from any further prosecution by reason of the facts alleged against him in the indictment, and reference is hereby made to the said opinion, and to the said order reversing the said judgment, and ordering the discharge of the said plaintiff in error, for greater particularity."

*Patterson & Thomas*, for plaintiff in error.
*John D. Fleming*, Dist. Atty., for the United States.

CALDWELL, J. The motions in this case raise the question whether a district judge of one district, designated and appointed by the circuit judge, under section 596 of the Revised Statutes of the United States, to hold the circuit court in another district, in aid of the judge of that district, can, while holding the circuit court under such designation, with or without the consent of the parties, hear and dispose of a criminal case on error from the district court. The district judge assigned to the duty of holding the circuit court did, in fact, hear and decide this case on error. His opinion concludes in this language:

"My conclusion is that under the law the indictment was insufficient, and the conviction thereunder should be set aside, and the defendant discharged. It is so ordered, as any further prosecution would be barred by the statute of limitations."

Neither this order, nor its equivalent, has been entered of record; and the plaintiff in error moves that such an entry be now made as of the date of the judge's order. This motion is resisted by the district attorney, who moves that the case be set down for hearing before the circuit judge the same as if it had not been heard and decided by the district judge who held the circuit court under the designation and appointment of the circuit judge. The section under which the district judge was designated reads as follows:

"Sec. 596. It shall be the duty of every circuit judge, whenever in his judgment the public interest so requires, to designate and appoint, in the manner and with the powers provided in section five hundred and ninety-one, the district judge of any judicial district within his circuit to hold a district or circuit court in the place or in aid of any other district judge within the same circuit."

It will be observed that the circuit judge is to designate and appoint the district judge "in the manner and with the powers provided in section five hundred and ninety-one." Section 591 provides that, when a district judge is prevented by any disability from holding a district or circuit court in his district, a district judge of another district may be designated and appointed "to hold said courts, and to discharge all the judicial duties of the judge so disabled." Section 592 provides that, where there is an accumulation or urgency of business in any district, the circuit justice or circuit judge—

"May designate and appoint the judge of any other district in the same circuit to have and exercise within the district first named the same powers that are vested in the judge thereof; and each of the said district judges may, in case of such appointment, hold separately, at the same time, a district or circuit court in such district, and discharge all the judicial duties of a district judge therein; but no such judge shall hear appeals from the district court."

Section 614 of the Revised Statutes provides that—

"A district judge sitting in a circuit court shall not give a vote in any case of appeal or error from his own decision, but may assign the reasons for such decision: provided, that such a cause may, by consent of parties, be heard and disposed of by him when holding a circuit court sitting alone. When he holds a circuit court with either of the other judges, the judgment or decree in such cases shall be rendered in conformity with the opinion of the presiding justice or judge."

It is believed these are all the statutory provisions bearing directly on this question. These sections are to be taken together, and construed as if they were one law. So construed, the law is that the district judge of one district, appointed to hold, and holding, a circuit court in another district, is invested with the same powers that are vested by law in the judge of the district in which the court is held, and may discharge all the judicial duties of such judge in the circuit court. In holding the circuit court, he sits as a district, and not as a circuit, judge. The statute clothes him with the jurisdiction "to discharge all the judicial duties of the judge" of the district in which the court is held, and not all the judicial duties of a circuit judge. Embarrassment may sometimes result from the present state of the law on this subject. For instance, if the district judge of the district where the court is held and the district judge assigned to his aid sit together in the trial of a cause in the circuit court, and there is a difference of opinion between them as to any question arising in the trial of the cause, or as to what judgment shall be rendered, there is no statute declaring whose opinion shall prevail. There is, indeed, no statute saying in terms that they shall or may sit together. Section 592 authorizes them to "hold separately, at the same time, a district or a circuit court;" and, by section 596, the assigned judge is authorized "to hold a district or circuit court in the place or in aid" of the judge of the district. The statute declares whose opinion shall prevail when the court is "held by a circuit justice and a circuit judge or a district judge, or by a circuit judge and a district judge;" but no provision is made for a difference of opinion between two district judges.

Section 650, Rev. St. U. S. Nor is there any provision for a certificate of division of opinion between two district judges, as there is in a case of a difference of opinion between "a circuit justice and a circuit judge or a district judge, or by a circuit judge and a district judge." Sections 652 and 693, Rev. St. U. S.

It was early decided that a district judge could not sit in the circuit court on a writ of error from his own decision, (*U. S.* v. *Lancaster*, 5 Wheat. 434;) and by chapter 20 of the act of the 2d of April, 1852, (10 U. S. St. 5,) embodied in section 592 of the Revised Statutes, it was enacted, in reference to judges assigned to hold court in districts other than their own, under that statute, that "no such district judge shall hear appeals from the district court." But by the later act of March 2, 1867, (chapter 185, § 2, 14 U. S. 545,) it was provided that a cause appealed from the district to the circuit court might, by consent of parties, "be heard and disposed of by the circuit court held by the district judge," in the absence of the associate justice allotted to the district. This act, with some others, is incorporated in section 614 of the Revised Statutes. This act, the supreme court say, was enacted "in order to prevent failure or delay of justice." *U. S.* v. *Emholt*, 105 U. S. 414. Under the provisions of section 614, a district judge holding the circuit court, sitting alone, may, by consent of parties, hear and decide an appeal or writ of error from his own decision. If the district judge of the district, when holding the circuit court, may hear and decide an appeal or writ of error from the district court by the consent of the parties, undoubtedly the district judge assigned to hold the circuit court in that district may do the same. The assigned judge is, as we have seen, invested with all the powers and jurisdiction of the judge of the district. This includes the power to hear and decide, by consent of parties, any cause pending in the circuit court on appeal or writ of error from the district court. It would be a singularly anomalous condition in the law if the district judge of the district, holding a circuit court, could, by consent of the parties, hear an appeal or writ of error from his own decision in the district court, and a district judge of another district, appointed to hold the same circuit court, could not, by consent of the parties, hear appeals and writs of error from the decisions of the judge of that district. There would seem to be more reason for denying the exercise of this appellate jurisdiction to the judge who decided the case in the court below than to one who had no previous knowledge of the same. The parties have a right to have their appeal or writ of error heard by the circuit justice or the circuit judge, and to have their cause continued until such a hearing can be had; but it is competent for them by consent to submit to a hearing before the district judge who tried the cause in the district court, or before a district judge assigned to hold the court "in the place or in aid of" such judge. The statute is silent as to how such consent shall be given or proved, but there can be but little doubt as to the proper rule. Where the record shows that the parties appeared and argued and submitted their case, it will be presumed that they did so voluntarily, and by consent. Whether that presumption is conclusive, it is not necessary in this

case to decide. See *The Alaska*, 35 Fed. Rep. 555, 557. In this case the consent is not denied but admitted.

It is expressly stated in the agreed statement of facts that the "cause and the errors alleged were submitted" to Judge PHILLIPS "on motion of plaintiff in error, and with the consent of the United States of America." Let the judgment of Judge PHILLIPS in the case be entered of record as of the date it was made.