LEE JOE YEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1906.)

No. 1,266.

1. APPEAL—REVIEW—OMISSION TO MAKE FINDING.

The omission to make findings will not be considered in an appellate court in the absence of a request therefor in the court below.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1315.]

2. ALIENS—DEPORTATION OF CHINESE—SUFFICIENCY OF EVIDENCE.

Evidence *held* to sustain a judgment ordering the deportation of a Chinese person as being unlawfully within the United States.

Appeal from the District Court of the United States for the District of Oregon.

For opinion below, see 136 Fed. 701.

Edwin Mays, for appellant.

W. C. Bristol, James Cole, and Edward E. Cushman, Special Asst. to Atty. Gen., for the United States.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

GILBERT, Circuit Judge. This is an appeal from the judgment of the District Court affirming the order of a United States Commissioner, and adjudging that the appellant be deported to China, whence he came. The judgment recites that the appellant is a Chinese laborer and a subject of the emperor of China; that he is not registered as required by the acts of Congress approved May 5, 1892 (27 Stat. 25, c. 60 [U. S. Comp. St. 1901, p. 1319]), and November 3, 1893 (28 Stat. 7, c. 14 [U. S. Comp. St. 1901, p. 1320]), and that he does not belong to one of the excepted classes of Chinese persons.

As grounds for reversal, the appellant relies on the point that the court erred in not making and filing findings of fact and conclusions of law, and that the judgment is contrary to the evidence. Without passing upon the question whether in this summary proceeding findings are necessary, it is a sufficient answer to the first point to say that no findings were requested in the court below. The omission to make findings will not be considered in an appellate court, in the absence of a request therefor in the court below. 2 Cyc. 729; Hicklin v. McClear, 18 Or. 137, 22 Pac. 1057; Umatilla Irrigation Co. v. Barnhart, 22 Or. 389, 30 Pac. 37; Noland v. Bull, 24 Or. 481, 33 Pac. 983; Tatum v. Massie, 29 Or. 140, 44 Pac. 494; Crisfield v. Neal, 36 Kan. 278, 13 Pac. 272; Kruck v. Prine, 22 Iowa, 570.

We find no ground for saying that the judgment was contrary to the evidence. The court below was influenced largely by the unexplained fact that the appellant came to Portland, the place where he was arrested, surreptitiously and by a devious route. In addition to this, his testimony was discredited by his own previous contradictory statements made before the immigration officer. The burden of proof was upon him to establish by affirmative proof to the satisfaction of the court below that he was entitled to be and remain in the United States. Li Sing v. United States, 180 U. S. 486, 21 Sup. Ct. 449, 45 L. Ed. 634. He failed to sustain that burden. We entertain no doubt of the correctness of the judgment.

It is affirmed.