## UNITED STATES v. LAM JUNG SING.

(District Court, W. D. New York. March 19, 1907.)

ALIENS—CHINESE EXCLUSION—EVIDENCE OF NATIVITY.

Evidence considered in a proceeding for the deportation of a Chinese person, and *held* not sufficient to sustain his claim that he was born in the United States.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Aliens, § 84.]

Hamilton Ward, for appellant.
Donald Bain, for the United States.

HAZEL, District Judge. At the first hearing before the United States commissioner at the close of the government's case, the defendant, a Chinese person, made application for leave to take testimony by commission or dedimus potestatem in the city of Chicago, for the purpose of proving that he was a citizen of the United States. The commissioner decided that he had no jurisdiction to issue such commission or direct that such testimony be taken de bene esse. Thereupon counsel for the government requested the defendant to be sworn, but on advice of counsel defendant refused to be sworn. Thereupon the commissioner entered an order of deportation to China. An appeal was taken to the District Court, and, depositions de bene esse having been taken in the meantime, the court directed a rehearing before the commissioner upon the additional evidence presented. Thereafter the commissioner upon the whole case again made an order of deportation, from which order this appeal was duly taken.

From a reading of the evidence I find that it does not sufficiently establish the birth of the defendant in this country. The defendant claims that by virtue of his birth in the United States he is a citizen thereof, and consequently does not belong to the excluded classes of Chinese persons. He speaks English, and upon his arrest stated to two witnesses (government officials, one a Chinese interpreter) that he had never before been in the United States, and that he was born in China. After the depositions were returned, and upon the hearing before the commissioner, the defendant gave testimony claiming that he was born of Chinese parents in the City of Oakland, Cal., about 32 years ago; that when he was 24 years of age he engaged in business as a merchant at No. 309 Clark street, Chicago, Ill.; that his father had sent him $1,000 to purchase an interest in the Wing Wah Lung Company, but after 2½ years he went to San Francisco, later to Oakland, and then to Portland. What became of his business interests in Chicago does not appear. He also testified that about 2 or 3 years ago he took up his residence in Victoria, Canada, subsequently going to Toronto, and after the expiration of 2 or 3 months came to the village of Ft. Erie, Canada, across the Niagara river from Buffalo. He paid in Hamilton, Canada, the sum of $140 to an unknown person to be brought into the United States, and he claims that the ticket agents at Hamilton and at Ft. Erie had refused to sell him a ticket to the United States, even though he informed them that he had a right to enter this country and that he was a citizen thereof. The ticket

agents, or either of them, were not sworn to corroborate the claim of citizenship, although it is quite probable that such testimony could have been produced, if it existed. Ah Daw, a Chinese person residing in Chicago, testified that he has known the defendant since he was about a month old, about 30 or 32 years ago; that he first saw him at Oakland, in the Sun Wah house; that he knew the defendant's father and mother; and that the latter was his sister. The depositions of two white witnesses were taken at Chicago, both testifying that they had known the defendant when he was engaged in business at No. 309 Clark street. A photograph of defendant being shown them, they claimed to be able to state that it was in the years 1899 or 1900 that they first became acquainted with the defendant, although they admit they only saw him occasionally.

Giving full credit to this testimony it, nevertheless, cannot be regarded as corroborative of the defendant's assertion that he was born in the United States. Of course, such testimony tends to establish that the defendant once lived in Chicago; but it can hardly be given much weight upon the subject of his place of birth. It does not, for instance, overcome the presumption that arises from the defendant's omission to claim at the time of his detention that he was born in the United States and his declination to permit the United States attorney to interrogate him at the hearing before the commissioner in relation to his claim to citizenship. His failure to claim citizenship at the time of his apprehension discredits his later claim. I see no reason for disbelieving the testimony of the government inspector and interpreter, who substantially testified that the defendant stated to them at the time of his arrest that he was born in China, province of Quong Tong, Sun Huey district, and had never before been in the United States, but that he had lived in Canada about 17 years, and to the witnesses Bowman and Edson, to whom he is claimed to have stated, immediately after his arrest, that he had lived in Victoria the preceding 17 years. The burden of proof was upon the defendant to establish by affirmative proof to the satisfaction of the court that he was entitled to remain in the United States. Lee Joe Yen v. United States (C. C. A.) 148 Fed. 682. Having failed to maintain this burden, I am not inclined to overthrow the conclusions of the commissioner.

The judgment of deportation is affirmed.