## LEO LUNG ON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 27, 1908.)

No. 2,466.

ALIENS—CHINESE EXCLUSION—JUDGMENT OF DISTRICT COURT—MODE OF REVIEW.

The judgment of a district court rendered on an appeal from an order of a commissioner directing the deportation of a Chinese is not subject to review on a writ of error, but only on an appeal.

[Ed. Note.—Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

(Syllabus by the Court.)

In Error to the District Court of the United States for the District of Nebraska.

S. A. Searle (Edson Rich and Charles E. Clapp, on the brief), for plaintiff in error.

Edwin W. Sims, U. S. Atty., and A. W. Lane, Asst. U. S. Atty. (Charles A. Goss, U. S. Atty., on the brief), for defendant in error.

Before VAN DEVANTER and ADAMS, Circuit Judges, and RINER, District Judge.

---

[1] The award made to libelant by the judge a quo was $3,500 and costs.

VAN DEVANTER, Circuit Judge. This writ of error challenges a judgment of the District Court affirming an order of a commissioner directing that the plaintiff in error be deported from the United States as a Chinese not entitled to remain therein; and counsel have assumed, in the discussion of the questions sought to be presented for decision, that the case is properly here upon a writ of error, and also that such a writ brings up for review both the law and the facts. The settled practice, however, is otherwise. A writ of error brings up questions of law, and nothing more, while an appeal when it is the proper mode of obtaining a review, usually brings up both the law and the facts. Rev. St. § 1011 [U. S. Comp. St. 1901, p. 715]; Hall v. Houghton & Upp Mercantile Co., 8 C. C. A. 661, 60 Fed. 350; Mason City, etc., Co. v. Boynton (C. C. A.) 158 Fed. 599; In re Neagle, 135 U. S. 1, 42, 10 Sup. Ct. 658, 34 L. Ed. 55; Elliott v. Toeppner, 187 U. S. 327, 334, 23 Sup. Ct. 133, 47 L. Ed. 200; Taylor on Jurisdiction and Procedure of U. S. Supreme Court, §§ 119, 120. And an appeal is the proper mode of obtaining a review in cases like this. Such was the holding of the Circuit Court of Appeals of the Sixth Circuit in United States v. Hung Chang, 67 C. C. A. 93, 134 Fed. 19, and it has the sanction of a long-continued practice. United States v. Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544; Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121; Ah How v. United States, 193 U. S. 65, 24 Sup. Ct. 357, 48 L. Ed. 619; Tom Hong v. United States, 193 U. S. 517, 24 Sup. Ct. 517, 48 L. Ed. 772; The United States, Petitioner, 194 U. S. 194, 24 Sup. Ct. 629, 48 L. Ed. 931; Ark Foo v. United States, 63 C. C. A. 249, 128 Fed. 697; Toy Tong v. United States, 76 C. C. A. 621, 146 Fed. 343; Moy Suey v. United States, 78 C. C. A. 85, 147 Fed. 697; Lee Joe Yen v. United States, 78 C. C. A. 427, 148 Fed. 682; Jung Yuen v. United States, 79 C. C. A. 534, 149 Fed. 1023. Moreover, the distinction between a writ of error and an appeal is jurisdictional, and cannot be waived by the parties or disregarded by the court. Taylor on Jurisdiction, etc., § 119.

It follows that, although we are satisfied from an examination of the record that the proceedings in the District Court were free from prejudicial error, we cannot affirm the judgment, because it cannot be reviewed upon a writ of error.

The writ is accordingly dismissed.