UNITED STATES v. HUDSON MFG. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. December 17, 1912.)

No. 2,257.

COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—REVIEW—SEIZURE UNDER PURE FOOD ACT.

A dismissal by the District Court, after trial without a jury, of a libel for the condemnation of food products seized on land under Pure Food Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1911, p.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1354), is not reviewable in the Circuit Court of Appeals on appeal, since the proceeding in the District Court is at law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1103; Dec. Dig. § 405.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

Appeal from the District Court of the United States for the Western District of Texas; Thomas S. Maxey, Judge.

Libel by the United States of America against Three Barrels of Vanilla, Tonka, and Compound, to declare a forfeiture for violation of the Pure Food Act, claimed by the Hudson Manufacturing Company and the Creamery Dairy Company. From a judgment of dismissal, the United States appeals. Dismissed.

Chas. A. Boynton, U. S. Atty., of Waco, Tex.

Leroy G. Denman, of San Antonio, Tex., for appellees.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

PER CURIAM. This was a proceeding instituted by the United States under section 10 of the Food and Drugs Act of June 30, 1906 (34 Statutes at Large, 768, c. 3915 [U. S. Comp. St. Supp. 1911, p. 1354]), praying for the seizure and condemnation of three barrels of vanilla, tonka, and compound alleged to have been shipped from Chicago, Ill., to San Antonio, Tex., and alleged to remain in San Antonio, Tex., in the original unbroken packages, where they were being offered for sale, and that the contents of said barrels were adulterated and misbranded within the meaning of the aforesaid act of Congress. In accordance with the prayer of the libel, the three barrels aforesaid were seized at San Antonio. Appellee Hudson Manufacturing Company appeared as claimant of said goods, and filed its answer, denying the charge of adulteration and misbranding, denying that the goods remained at the time of seizure in the original unbroken packages, denying that they were being offered for sale, and alleging that the goods were not shipped in interstate commerce for sale, but were so shipped for manufacturing purposes solely.

On hearing in the District Court a jury was waived, and the matters of law and fact were submitted to the court. At the close of the evidence for the United States, the court entered an order dismissing the proceedings on the ground that the evidence showed that the goods seized were not transported or shipped for sale, but were shipped for the purpose of being used in the manufacture of ice cream, and therefore not liable to seizure under said section 10, and on the further ground that the evidence failed to show a preliminary hearing was afforded to the party from whom the sample was obtained and an opportunity given him to be heard, as provided for in section 4 of said act. From the order dismissing the proceedings as aforesaid, the United States prosecutes this appeal, insisting that the trial court was in error; and the appellees moved to dismiss the appeal, on the ground

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the proceeding in the court below was one at law, and can only be reviewed in this court by writ of error.

The precise question has been dealt with in Four Hundred and Forty-Three Cans of Frozen Egg Product, etc., v. United States of America, 226 U. S. 172, 33 Sup. Ct. 50, 57 L. Ed. ——, No. 590 of the docket of the Supreme Court, at the present term, in a decision handed down December 2, 1912. In that case it is held that in seizures under the Pure Food Act of June 30, 1906 (34 Statutes at Large, 768), and on land, the proceedings in the District Court are at law, and that the Circuit Courts of Appeals are without jurisdiction to review the same on appeal.

The appeal in this case is dismissed.