HARRY BROS. CO. v. YARYAN NAVAL STORES CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1915. Rehearing Denied February 22, 1915.)

No. 2687.

APPEAL AND ERROR ⬥⇒5—FORM OF REMEDY—EQUITABLE PROCEEDINGS—PLEA OF INTERVENTION—DISMISSAL—JURISDICTION.

An order dismissing a plea of intervention in an equitable proceeding is reviewable by appeal only, and not by a writ of error; and when an attempt is made to have the same reviewed on writ of error; the Circuit Court of Appeals acquires no jurisdiction, though the parties may have consented thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 8–21; Dec. Dig. ⬥⇒5.]

In Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

In an equitable proceeding, wherein the Yaryan Naval Stores Company and others were parties, the Harry Bros. Company intervened. From an order dismissing the plea of intervention, intervener brings error. Dismissed.

George S. Dodds, of Gulfport, Miss., for plaintiff in error.

Hanun Gardner, of Gulfport, Miss., for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The writ of error in this case challenges the correctness of the order, made by the District Court, dismissing the plea of intervention interposed by the Harry Bros. Company in an equitable proceeding therein pending. No question of jurisdiction has been raised, and on the argument counsel for the parties treated the questions discussed as properly here for adjudication.

The proper mode, however, of reviewing questions arising in equity causes is by appeal, and where that mode is not followed there is no jurisdiction in the appellate court. And this want of jurisdiction cannot be waived, nor can jurisdiction be conferred by consent of parties. Four Hundred and Forty Three Cans of Egg Product v. United States, 226 U. S. 172, 33 Sup. Ct. 50, 57 L. Ed. 174; Leo Lung On v. United States, 159 Fed. 125, 86 C. C. A. 513; United States v. Emholt, 105 U. S. 414, 26 L. Ed. 1077. See, also, United States v. Hudson, etc., Co., 200 Fed. 956, 119 C. C. A. 293.

The writ of error should therefore be dismissed; and it is so ordered.

⬥⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes