[ Filed October 27, 1890. ]

*In re* Petition of PETER   FENSTERMACHER et al.,
APPELLANTS, *v.* THE   STATE   OF
OREGON, Respondent.

Civil Action—Definition.—The phrase "civil actions" includes actions at law or suits in equity and all other judicial controversies in which rights of property are involved, and is used in contradiction to criminal action.

Petition—Definition.—A petition in common phrase is a request in writing; and in legal language describes an application to a court in writing, in contradiction to a motion which may be made *viva voce.*

Finding—When Disregarded.—When a finding is wholly unsupported by evidence, and that fact is made to appear by a bill of exceptions purporting to contain all the evidence upon this point, this court would disregard it.

Appeal from Multnomah county: E. D. Shattuck, judge.

The facts in substance are, that on the seventh day of May, 1887, one John Fenstermacher died in Multnomah county intestate, leaving certain and personal property described herein; that thereafter, on the twentieth day of June, 1887, J. K. Wait was duly appointed administrator of the estate of the said intestate by the county court, and the said estate was duly administered upon and finally settled up by him, and he discharged on the twentieth

day of May, 1888, as such administrator. No legal heirs entitled to said estate having appeared thereafter, such proceedings were instituted as by law required before the circuit court of Multnomah county as resulted in a judgment declaring all the property belonging to said estate of the said John Fenstermacher, deceased, escheated to the State of Oregon; and in accordance with the judgment or decree rendered therein, the property belonging to said estate was duly sold in accordance with law, and the proceeds thereof, after deducting the necessary expenses, were paid over to the treasurer of the State; that on the twenty-fifth day of May, 1889, the above-named petitioners filed their complaint in the circuit court of Multnomah county claiming to be the heirs at law of the said John Fenstermacher, deceased, and asking for a judgment of said court that they be declared to be the rightful owners to all of said property, etc.; that the cause was tried before the court without the intervention of a jury, and that the court found that the said petitioners were not the heirs of the said John Fenstermacher, deceased, and that neither of them was entitled to any of the property belonging to the estate of the said John Fenstermacher, deceased, which had heretofore escheated to the State of Oregon, and that said State do have and recover its costs, etc., from which this appeal is taken.

*W. S. Beebe* and *John M. Gearin,* for petitioners.

*Thos. A. Stevens,* district attorney, and *W. W. Page,* for the State.

Lord J. (after stating the facts), delivered the opinion of the court.

The first inquiry suggested is, whether the proceeding, authorized by section 3141, is a suit in equity or an action at law. For the State it was argued that the words "in civil actions," used in the section cited, *supra,* indicated that the action was at law, for the reason that if it had been intended to be an equity proceeding the word "suit" would have been used, and not action. But this construc-

tion is not tenable. A civil action is instituted for the purpose of enforcing a private or *civil* right, or to redress a private wrong, as distinguished from actions instituted to punish crimes which are known as "criminal actions." Referring to the act of congress of July 2, 1864, which declares, "That in the courts of the United States there shall be no exclusion of any witness on account of color, nor in civil actions, because he is a party to, or interested in, the issue to be tried," Mr. Justice Miller said: "The phrase 'civil actions' includes actions at law, suits in chancery, proceedings in admiralty and all other judicial controversies in which rights of property are involved, whether between private parties, or such parties and the government. It is used here in contradistinction to prosecutions for crime." *U. S.* v. *10,000 Cigars*, 1 Wool, 125; *Green* v. *U. S.*, 9 Wall, 655; *Rigon* v. *Crebbs*, 1 Dillon, 184. The phrase, then, "civil actions," as used in the section, *supra*, may mean either a suit in equity or an action at law taken alone, but it is suggested in aid of that argument that the use of the word "petition" and the words "and the court thereupon must try the issue," have a tendency to indicate that the proceeding is in equity. "A petition in common phrase is a request in writing; and in legal language, describes an application to a court in writing, in contradistinction to a motion which may be made *viva voce.*" Folger, J., in *Shaft* v. *Insurance Co.*, 67 N. Y. 547.[1] It is ordinarily used for interlocutory purposes. "As a general rule," said Fleet, V. C., "a petition cannot be presented in a cause until a bill has been filed"; and while he admitted that there are cases in which a proceeding might be instituted by petition, he thought it must be limited to those instances in which the legislature has expressly authorized its use, or where it has the sanction of long-established practice. *Receiver of State Bank* v. *First Nat. Bank*, 34 N. J. Eq. 451. Under some of the codes it is the first pleading filed, like one complaint by the plaintiff, wherein he states the facts of his case. The word "petition," therefore, lends but little aid to uphold this

[1] 23 Am. Rep. 188.

contention.   Nor do we think the other words, "and there-upon the court must try the issue," any more decisive of the matter.   It is true, suits in equity are tried by the court, but so are actions at law, without the intervention of a jury, and by the court when the parties so consent and stipulate as required or provided in section —— of Or. Code.   But what, to our mind, is more decisive of the matter is the nature of the subject matter to be tried.   Its object is to identify the petitioners as the heirs of the intestate and entitle them to recover the money escheated to the State, indicating a legal inquiry for which the proceeding was instituted, and for which courts of law are competent to try.   We are of the opinion, therefore, that the proceeding is at law, and must be so regarded in the present case.

Another question raised is, whether this court will interfere if there is no evidence to support a finding.   In *Kyle* v. *Amy*, 19 Or., which was tried without the intervention of a jury, and the finding excepted to, and the evidence included in a bill of exceptions, this court declined to review the evidence on the ground suggested, but remanded the cause for a fuller finding of the facts, but that was more in consequence of a want of particularity in the findings.   In *Hicklin* v. *McClear*, 18 Or. 138, the court said by Thayer, C. J.: "If the findings of the circuit court are wholly unsupported by the evidence, and that fact is made to appear by a bill of exceptions purporting to contain all the evidence upon the point, this court would disregard the findings."   So that in *Bartel* v. *Mathias*, 19 Or. 482, where the question was raised that a certain finding of vital importance in the case was not supported by the evidence, and the evidence upon that point was set out in the bill of exceptions, this court examined it, but finding that there was some evidence having a tendency to support it, held that the finding of a referee is conclusive as to the facts found, if there was any evidence before them having a tendency to establish such facts.   In the case in hand, the record discloses after the evidence was all in that the

counsel for the petitioners asked the court to find "that the petitioners were the heirs of the said John Fenstermacher and entitled to the money described in their petition," which finding the court declined to make, to which refusal an exception was taken and reserved, and thereafter the court found that the petitioners were not the heirs of the said John Fenstermacher, and were not entitled to the money mentioned in their petition, to which finding counsel excepted and the court allowed the same. The evidence is in a bill of exceptions. As this court said in *Hicklin* v. *McClear, supra,* "whether or not that court was justified by the weight of evidence to make the finding, this court cannot consider." The weight of evidence is for that court, and not for us, to determine, however much we might feel disposed to differ from it.

Testing the evidence by these principles, we cannot do otherwise than affirm the judgment.