[Filed June 9, 1892.]

## THE UMATILLA IRRIGATION CO. *v.* JEREMIAH BARNHART ET AL.

PRACTICE ON APPEAL—ADDITIONAL FINDINGS OF FACT.—Unless it appear by the bill of exceptions that application was made to the court below for different or additional findings, and refused, any complaint in the supreme court in regard to findings of fact appearing in the record, presents no question for review on appeal.

CONSTITUTIONAL LAW—LEGISLATIVE DECLARATION OF FACT.—The legislature having, by the terms of an act, made a declaration of fact which is necessary to authorize the proposed legislation, the courts will not question such a declaration, or pronounce the law invalid on account thereof, unless it plainly violates the constitution.

Umatilla county: JAMES A. FEE, Judge.

Defendants appeal.   Affirmed.

This is an action to condemn the riparian rights of the appellants in a portion of the waters of Umatilla river under the provisions of the act of the legislative assembly, passed at the session in 1891. (Laws, 1891, 52.) The action was tried by the court without the intervention of a jury. The only evidence used upon the trial, so far as appears,

was an agreement signed by the attorneys of the parties reciting that certain facts were admitted to be true. To that statement was attached sundry exhibits, marked respectively from A to I inclusive. The court found the facts substantially as recited in the stipulation, but no allusion was made to the exhibits. There was no bill of exceptions.

*H. J. Bean*, for Appellants.

*Cox, Teal & Minor*, for Respondents.

Strahan, C. J.—The notice of appeal contains twelve assignments of error. All of them, except the sixth, relate entirely to the action of the court upon the trial either in finding or in failing to find certain facts. There was no request to find other than as appears, and no exceptions were taken to the action of the court, either in finding or in refusing to find. The stipulation as to the facts does not take the place of a bill of exceptions. If the court did not find the facts as fully as is recited in the stipulation, the appellants might have moved for additional findings; and if these were refused, they could have included enough in the bill of exceptions to show the error of the court, and. then reviewed the ruling on this appeal. But the appellants did none of these things, and therefore these assignments present no question for review.

The sixth assignment of error presents an important question demanding notice. The same is as follows: "The said honorable circuit court erred in finding as conclusions of law as follows, viz.: that the plaintiff is entitled to condemn and appropriate as against the defendants all the water of the Umatilla river, as the same flows over the lands of the defendants hereinbefore described, over and above ten inches, by miner's measurement, under a six-inch pressure, to be left running in the channel of said river across said lands for the purpose of supplying the defendants with water for household and domestic purposes, and watering live stock on said lands."

Section 2 of the act of 1891, (Laws, 1891, 52,) authorizes a corporation organized for certain purposes to condemn rights of way, and the rights of riparian proprietors upon lakes or streams, etc.    It is sufficient to say that the facts found show that the plaintiff is within the terms of the act. Section 7 of said act, among other things, makes title 3 of chapter 32 of the miscellaneous laws of Oregon apply to and govern proceedings for condemnation under this act.

Section 8 of said act is as follows: "Such corporation may also maintain an action for the condemnation and appropriation of the right to the flow of water in any stream from which it proposes to divert water below the point of diversion vested in the owners of lands lying contiguous to such stream by virtue of their location. Such actions shall be brought in the county where the lands to be affected, or some portion thereof, are situated, and the manner of procedure therein shall be similar to that prescribed in the preceding section for condemnation of lands; but no person owning lands lying contiguous to any stream shall, without his consent, be deprived of water for household or domestic use, or for the purpose of watering his stock, or of water necessary to irrigate crops growing upon such lands and actually used therefor."    The first section of the act expressly declares that the use of the waters of this state, for the purposes specified in the act, is a public use, and the right to collect rates or compensation for such use of said water is a franchise.    The legislature has the sole power to determine when and in what cases the power of eminent domain may be exercised, and private property taken subject only to two limitations; one is, that it cannot be taken for private use, and the other is, that compensation must be made before it is taken, unless in case of the state.    The legislature having declared the use of water for the purposes named in the act to be a public use, this court cannot, from anything that appears in this case, say that declaration is not true.    There are,

however, examples to be found in the books where the courts have interfered, and declared acts of the legislature violative of the constitution, because they plainly undertook to appropriate the property of the citizen to private and not to public uses; but to enable the court to do so, the case must be free from doubt. We cannot say from the facts before us that this case is of that character. It is well known that there are extensive tracts of arid land in Eastern Oregon, unproductive and almost worthless without irrigation, but which could be made productive by the use of water. The reclamation of this class of lands is the object of the act in question; and we cannot say that it is a misapplication of the power of eminent domain to accomplish such results. Doubtless, in some instances, it may be the means of causing riparian owners much inconvenience and expense, and even loss, but these are some of the occasional consequences of such a law; but generally juries may be trusted in these matters. Their knowledge of such affairs will usually enable them to put a proper estimate upon the value of the interests which may be taken under the law and of the damages which the taking inflicts. To take from the farmers along the Umatilla river the water which has made their lands so very productive, is almost equivalent to the taking of all the lands affected by the water.

We cannot reverse this judgment without overturning the act of the legislature under which the proceedings were taken, and we do not see our way clear to do this. The act is one that affects large property interests, the policy and scope of which may be of doubtful utility, but these are not enough to enable us to overthrow it. Before we could do that, it must plainly contravene some provision of the organic law, and we cannot find that it does. Still, it is an act the execution of which must be closely scrutinized by the courts, and all of its provisions construed strictly.

Whoever claims anything by virtue of it must bring himself clearly within its terms.

Finding no error in the judgment appealed from, the same is affirmed.