Argued February 19; decided April 6, 1896.

# TATUM *v.* MASSIE.

[44 Pac. 494.]

1. APPEAL—BILL OF EXCEPTIONS—PRESUMPTION.— In the absence of a bill of exceptions, the sufficiency of the evidence to support the findings of fact by the court cannot be considered.

2. TRANSCRIPT—FINDINGS BY COURT—JUDGMENT ROLL—CODE, §§ 272, 541.—A mere reference in the findings of a court to a document as "Plaintiffs' Exhibit A" does not make it a part of the record on appeal, where it is not embodied in the pleadings or copied into or attached to and properly identified as part of the findings, but is simply attached to the transcript: *Roberts* v. *Parrish*, 17 Or. 583, and *Fisher* v. *Kelly*, 26 Or. 250, cited and approved.

3. FAILURE TO MAKE ADDITIONAL FINDINGS OF FACT.—The failure of the trial court to find a material fact cannot be assigned as error, unless the record shows that the party desiring such finding made due request therefor, which was refused.*

APPEAL from Columbia: T. A. MCBRIDE, Judge.

This is an action of trespass by Tatum and Bowen against G. A. Massie for unlawfully taking and disposing of certain personal property alleged to be the property of plaintiffs. By their complaint the plaintiffs allege their copartnership relations, their ownership of the property since prior to June third, eighteen hundred and ninety-three, and its value, and that the defendant was the sheriff of Columbia County; and then allege, in effect, that prior to said date the defendant, pretending to act under an execution issued in the case of one Graham against Josiah Western, wrongfully and unlawfully levied upon and took the said property into his possession, and on said

*In connection with this case see the subsequent decision in *Moody* v. *Richards, post,* page —— —— REPORTER.

day sold and delivered the same to one Muckle; and that prior to the levy, and again on said third day of June, before the sale, plaintiffs notified defendant of their ownership, and demanded possession. The answer admits that the defendant was sheriff, and that he levied upon the property and sold the same by virtue of the said execution, but denies that such levy and sale were wrongful. All other allegations are denied specifically. For a further defense, defendant shows that at the times mentioned in the complaint and answer he was sheriff of said county; that on and for a long time prior to October thirteenth, eighteen hundred and ninety-two, Josiah Western was the owner and in possession of the property described in the complaint; that on October twelfth, eighteen hundred and ninety-two, one Jasper Graham duly commenced an action in the circuit court for Columbia County, Oregon, against said Western, to recover upon an indebtedness of seven hundred and thirteen dollars and eighty-five cents, and that such proceedings were therein had that a writ of attachment was duly issued, directed, and delivered to the defendant, and that by virtue thereof he did, on October thirteenth, eighteen hundred and ninety-two, attach said personal property as the property of Western; that on May eleventh, eighteen hundred and ninety-four, judgment was duly given and rendered in said action in favor of Graham, and said attached property ordered sold; that execution was, on May ninteenth, eighteen hundred and ninety-four, issued upon said judgment, and that by virtue thereof defendant, on June thirteenth, sold and de-

livered said property to Muckle for five hundred
dollars. The reply simply puts to issue the alleged
interest of Western in the property. After trial, a
jury having been waived, the court made the fol-
lowing findings: "This cause having heretofore been
argued and submitted, and the court being now fully
advised, finds: That on the third day of June,
eighteen hundred and ninety-three, one Josiah West-
ern was the owner of the property described in plain-
tiffs' complaint; that prior thereto and on the thir-
teenth day of October, eighteen hundred and ninety-
two, by virtue of a writ of attachment duly issued out
of this court in a case wherein Jasper Graham was
plaintiff and Josiah Western was defendant, the said
G. A. Massie did attach according to law the prop
erty of Josiah Western, and did hold the same under
said writ until the third day of June, eighteen hun-
dred and ninety-three; that at said date, by virtue
of an execution and order of sale on a judgment
duly and legally rendered in the said cause of
Jasper Graham against Josiah Western, the defend-
ant duly sold said property to one James Muckle;
that at said date, and at the date of the levy of
said attachment, said Josiah Western had an attach-
able interest in said property, and was the owner
thereof; that the contract marked Plaintiffs' Exhibit
"A" herein constituted a chattel mortgage as be-
tween Western and plaintiff, and that the same is
void and of no effect as to attaching creditors. And
as a conclusion of law, the court finds that defend-
ant is entitled to a judgment dismissing this cause,
and for his costs." From the judgment entered

upon these findings, plaintiffs appeal. They filed no bill of exceptions, but in their notice of appeal assign as errors the finding of the court,—*first*, that Western was the owner of the property on June third, eighteen hundred and ninety-three; *second*, that at the dates of the attachment and sale Western had an attachable interest therein; *third*," that the contract marked Plaintiffs' Exhibit 'A' herein constitutes a chattel mortgage as between Western and plaintiffs and that the same is void and of no effect as to attaching creditors"; and, *fourth*, in finding as a conclusion of law that defendant was entitled to a judgment dismissing the action and for costs.                                    AFFIRMED.

For appellants there was a brief by *Messrs. Woodward and Woodward*, with an oral argument by *Mr. John H. Woodward*.

For respondent there was a brief by *Messrs. Dillard and Cole*, with an oral argument by *Mr. W. B. Dillard*.

Opinion by MR. JUSTICE WOLVERTON.

1. The first two assignments of error may be considered together. They simply challenge the findings as not the correct conclusions of fact to be deduced from the evidence, but, in the absence of a bill of exceptions, there is nothing in the record as it comes here to apprise us what the evidence was. We must therefore presume that it was sufficient to support the findings of the court as to the facts.

2. The next question is taken upon the fifth finding, "That the contract marked Plaintiffs' Exhibit 'A' herein constitutes a chattel mortgage as between Western and plaintiffs, and that the same is void and of no effect as to attaching creditors." The contention of appellants is that the document interpreted by the court, being referred to as "Plaintiffs' Exhibit 'A' herein," makes it a part of the record; that it properly comes here as a part of the transcript, and that it is competent for this court to take cognizance of it, and determine whether rightly interpreted by the lower court. Let us ascertain first whether the exhibit should come here in the transcript. It was conceded at the argument that such exhibit was introduced in plaintiffs' behalf as evidence at the trial, and that it is not attached to or made a part of the pleadings in the cause. The statute defines the transcript to be " a copy   *   *   *   of the roll, or final record, or the pleadings, orders, papers, and journal entries that constitute such roll or record, together with a copy of the notice of appeal," etc. Hill's Code, § 541, subdivision 1. The judgment roll is made up of " the summons and proof of service, the pleadings, bill of exceptions, all orders relating to the change of parties, together with the copy of the entry of judgment, and all other journal entries or orders in any way involving the merits and necessarily affecting the judgment." The final record is simply a record of such papers and journal entries: Code, §§ 272, 273. The finding itself is properly in transcript, as it constitutes a part of the judgment

roll, but Exhibit "A" not being such a paper as
goes to make up the judgment roll, it ought not to
be included in the transcript unless it is made a
part of the findings. In *Roberts* v. *Parrish*, 17 Or.
583, (22 Pac. 136,) the question came up whether a
certain deposition was a part of the bill of excep-
tions. At page 588 STRAHAN, J., says: "It is true
the bill of exceptions recites that the 'deposition is
made a part of the bill of exceptions,' but that
alone will not suffice. To become a part of the
record, it must be either copied into the bill of ex-
ceptions or attached to the same as an exhibit, and
marked so that the same may be identified," citing
*Morrison* v. *Crawford*, 7 Or. 472. Exhibit "A" is
neither copied into the finding nor attached thereto.
We find a paper marked "Plaintiffs' Exhibit A" at-
tached to the transcript, which is probably the one
referred to by the court, but this is not sufficient
under the authority cited to make it a part of the
finding, and hence it is not properly in the tran-
script. See also *Fisher* v. *Kelly*, 26 Or. 249, (38
Pac. 67,) not being a part of the transcript, and no
bill of exceptions having been settled and filed
making the exhibit a part of the record, its legal
effect cannot be considered on appeal.

The next question is, Do the findings support the
judgment? They do, unless the fifth negatives the
other findings of fact: *Himmelman* v. *Henry*, 84 Cal.
106 (23 Pac. 1098); *Hicklin* v. *McClear*, 18 Or. 137
(22 Pac. 105). It certainly does not aid them, nor
does it constitute a link in the chain from which
the conclusion of law is deducible. It was con-

29 OR.— 10.

tended at the argument that "Exhibit A" was not a chattel mortgage, but a contract of sale, showing that, as between plaintiffs and Western, plaintiffs were the owners of the property. But there is nothing in the record to indicate the purpose for which the document was offered, or what was claimed for it at the trial. Nor is it apparent what other testimony, if any, was introduced in connection with it which may or may not have modified it, or have had some important bearing upon its effect as testimony in the case. It is the office of the bill of exceptions to set forth these facts, and thereby make them a part of the record. Without them how are we to determine, except as an abstract proposition, upon an inspection of the contract, whether it was properly construed or not? But conceding the document to be a contract of sale, and not a chattel mortgage, and that it is evidence of title in the plaintiffs, it does not appear but that there was other evidence introduced to refute it, and that, after all, the other findings of fact are but the conclusions of the court upon conflicting evidence, which findings stand as the verdict of a jury, and are not reviewable upon the ground that they are not sustained by a preponderance of the evidence. The conclusion that the instrument is void and of no effect as to attaching creditors does not create any inference of want of title to the property in Western, or that, if otherwise construed, it would stand in the way of an attachment thereof as his property. So that, turn the finding as you will, it does not, so far as we are

able to discern, modify or dispute the other findings of fact. It does not, however, appear to answer any definite purpose, and yet it would seem to be harmless.

3.   Error which is prejudicial should affirmatively be made to appear, as it will never be presumed. If the plaintiffs desire a finding as to whether they were the owners of the property at the time of the attachment, or other material finding upon the evidence adduced at the trial, they should have requested it of the court in due time, and, if refused, or if against them where there was no evidence to support it, they could, by a proper bill of exceptions, have its action in regard thereto reviewed. This court can only consider the findings which the record of the lower court shows were actually made: *Hicklin* v. *McClear*, 18 Or. 137 (22 Pac. 1057); *Noland* v. *Bull*, 24 Or. 481 (33 Pac. 983); *Umatilla Irrigation Company* v. *Barnhart*, 22 Or. 389 (30 Pac. 37).

It follows that the judgment must be affirmed, and it is so ordered.                                    AFFIRMED.