Argued March 17; decided September 21, 1896.

## HARRIS v. HARSCH.
[46 Pac. 141.]

1. OBLIGATION OF CONTRACTS — TAX DEED AS EVIDENCE. — Hill's Code, § 2823, making a tax deed only *prima facie* evidence of title in the grantee, when by a former statute it was made conclusive of the regularity of the assessment and levy, except in certain cases, relates only to a matter of evidence, and does not impair the obligation of the contract between the state and a purchaser who bought lands at tax sale before its passage, but received the deed therefor afterwards: *Strode* v. *Washer*, 17 Or. 50, approved and followed.

2. REGULARITY OF ASSESSMENT. — Where land was assessed under Deady and Lane's Code, p. 750, § 7, which authorizes its assessment, when owned by one person and occupied by another, in the name of either owner or occupant, the introduction of a tax deed, which is *prima facie* evidence of the regularity of the assessment, raises a presumption that the person to whom it was assessed was either the owner or occupant, which, however, is overcome by a finding that another person was the owner and in the actual possession when the assessment was made; and the assessment in that case is void.

3. REQUEST FOR ADDITIONAL FINDINGS BY COURT. — Where a question which is not put in issue by the pleadings becomes important as bearing on the issues to be determined, a finding thereon by the trial court should be requested, and an exception saved, if refused, else the failure to make a finding cannot be reviewed on appeal: *Moody* v. *Richards*, 29 Or. 282, cited and approved.

From Multnomah: HARTWELL HURLEY, Judge.

This is an action by M. M. Harris to recover possession of lot eight and the north half of lot seven, block 112, Stephens' Addition to East Portland, Oregon. Each party thereto alleges that he is the owner and entitled to possession. The defendant, Charles Harsch, further alleges that plaintiff's claim to said premises is based upon an alleged tax sale, and that said sale is invalid. Upon filing his answer, he paid into court the sum of ten dollars and fifty cents, the supposed amount of the tax paid by plaintiff as purchaser at said tax sale, including interest and cost of the tax certificate and deed. A trial being had without the intervention of a jury, the court among others made the following findings: —

"I. That between the sixth day of April, eighteen hundred and eighty-one, and the nineteenth day of February, eighteen hundred and ninety-one, Harriett Bennett was the owner in fee simple of lots seven (7) and eight (8) in block numbered one hundred twelve (112) in Stephens' Addition to the City of East Portland, Multnomah County, Oregon.

"II. That for the state and county taxes for the year eighteen hundred and eighty-one, said lots seven and eight were listed and assessed by the assessor of Multnomah County, Oregon, for the purposes of taxation upon the assessment roll for said year, in the name of Erastus Bennett; and said lots were not separately assessed, but were assessed together at the sum of one hundred and seventy-five dollars, and improvements seventy-five dollars, and

no separate valuation of either lot was made in said assessment.

"III. That at the time of said assessment Harriett Bennett was the owner and in the actual possession of said lots seven and eight."

Other findings follow, showing tax sale, the issuance of a certificate and deed to plaintiff, the tender into court by defendant of the amount of tax paid by plaintiff with interest, etc., and the succession of defendant to the title of Harriett Bennett. As a conclusion of law it was found that the tax deed was void, and that plaintiff had no title or interest in the premises, but that the defendant was the owner in fee, and judgment followed for defendant. The case was heard here upon the abstract, which purports to contain all the evidence offered or admitted at the trial except a tax deed and a certified copy of the assessment roll filed as exhibits.                    AFFIRMED.

For appellant there was a brief signed by *Watson, Beekman and Watson,* with an oral argument by *Mr. Edward B. Watson.*

For respondent there was a brief and an oral argument by *Mr. William Y. Masters.*

Opinion by MR. JUSTICE WOLVERTON.

1. Error is predicated of the court's deduction as a conclusion of law from findings of fact two and three, that the assessment of lots seven and eight as a single parcel and in the name of Erastus

Bennett, instead of Harriett Bennett, the owner, rendered the tax sale and deed void. At the outset plaintiff contends that the tax deed is conclusive of the regularity of the assessment and levy, except that it may be shown there was (1) fraud in the assessment, and (2) that no part of the tax was levied or assessed upon the property sold; and in support of this contention cites section 6 of the act of December eighteenth, eighteen hundred and sixty-five, being section 90, pages 767 and 768, Deady's Code. This statute was so amended February twenty-first, eighteen hundred and eighty-seven, as to make a tax deed only *prima facie* evidence of title in the grantee: Hill's Code, § 2823. The sale of the premises was made the twenty-third of June, eighteen hundred and eighty-two, for delinquent taxes of eighteen hundred and eighty-one, and the deed thereto July sixteenth, eighteen hundred and ninety. Thus it appears that plaintiff's purchase was made while the old statute was in force, but the deed under which he claims was not executed until after the amendment had taken effect. The point is made that plaintiff's purchase at the tax sale constituted a contract with the state, and that in pursuance thereof his title is protected by the conclusive presumptions incident to a deed executed under the act of eighteen hundred and sixty-five, and that effect should not be given to the subsequent act of eighteen hundred and eighty-seven, as it would operate as an impairment of such contract, in contravention of the fourteenth amendment of the constitution of the United States, which forbids

the state "to deprive any person of property without due process of law." But the point is directly decided in *Strode* v. *Washer*, 17 Or. 50, (16 Pac. 926,) against the contention upon two grounds: *First*, that the statute of eighteen hundred and sixty-five was a nullity, because the legislature was without competent power to make a tax deed conclusive evidence of the performance of any act, or of the existence of any fact, essential to the due assessment of property and the levy of a tax thereon; and, *second*, that the amendment of eighteen hundred and eighty-seven does not impair the obligation of such contracts as arise from purchases at tax sales made prior thereto, but simply changes the rule of evidence touching the establishment of the regularity of the assessment and levy.

2. This question disposed of, let us consider whether the conclusions of law are deducible from the findings of fact. The finding that Harriett Bennett was the owner and in the actual possession is equivalent to a finding that she is both the owner and occupant: Bouvier's Law Dictionary; *Hussey* v. *Smith*, 1 Utah, 129; *City of Bangor* v. *Rowe*, 57 Me. 439. The statute in force at the time of the assessment (section 7, page 750, Deady's Code,) provided that "land owned by one person and occupied by another may be assessed in the name of the owner or occupant." It is claimed for this statute that where the wife is the owner of real property, and the husband is living with her, and is in the actual possession and management of

such property, it is sufficient to assess it in the name of the husband, as he is an occupant. And there is authority in support of the proposition. See *Massing* v. *Ames*, 37 Wis. 645, and *Enos* v. *Bemis*, 61 Wis. 658. But the question does not arise here. The findings show that the lots were assessed in the name of Erastus Bennett, and that Harriett Bennett was the owner, and in effect the occupant also; but it does not appear therefrom that Erastus and Harriett were husband and wife, nor that Erastus was then in the actual possession or occupancy as well as Harriett, although the evidence contained in the abstract tends strongly and perhaps conclusively to the establishment of such facts. The intendment of section 2823 of our Code, however, raises a presumption with the execution and delivery of the deed that the assessment and levy were duly and regularly made, and all in accordance with law. This would imply that the property was listed or assessed either in the name of the owner or occupant, the owner being known, and that Erastus Bennett possessed one or the other of these needful qualifications. The court has found that Harriett Bennett was at the time the owner in fee, which undeniably precludes the idea that Erastus Bennett held in the same capacity, and therefore it is determined that he was not the owner. The presumption remains that he was the occupant, and, being shorn of its alternative aspect, is perhaps strengthened, at least its bearing is definitely located, so that it must be regarded as carrying with it the full weight of *prima facie* establishment. But we

think the presumption is overcome by the court's finding that Harriett Bennett was in the actual possession under the maxim *expressio unius exclusio alterius*, thus excluding the idea that Erastus was the occupant. This renders the assessment void, as it appears not to have been made in the name of either the owner or occupant. The court's conclusion of law, that the deed is void, and defendant the owner of the premises, is therefore a legitimate deduction from its findings of fact, and it can make no difference that the court may have regarded the assessment void by reason of the two lots not having been separately assessed. Hence it is unnecessary to discuss the latter proposition here.

3.  Plaintiff made a request of the court to find that he was the owner, and entitled to possession. This is a conclusion of law, and it is plain that if the court's conclusion was proper, this one could not be approved. In order to present the question upon the record, it would have been pertinent to have requested the court to find that Erastus Bennett was the husband of Harriett, and was also in the actual possession or the occupant of the premises, which, if refused, an exception could have been saved, and the action of the court in this regard assigned as error. The necessity for such a finding is not suggested by the issues made by the pleadings, and, if deemed essential to a full determination of the cause presented by the testimony and proofs offered and admitted, the proper practice seems to be to request the court to make such

findings of fact as are deemed important for a presentation of the questions involved, and then by saving exceptions to the rulings touching them error may be assigned here, otherwise the action of the court below is not reviewable for the very good reason that it has never had the opportunity of passing upon the questions mooted here for the first time: *Hicklin* v. *McClear*, 18 Or. at page 137 (22 Pac. 1057); *Noland* v. *Bull*, 24 Or. 479 (33 Pac. 983); *Umatilla Irrigation Company* v. *Barnhart*, 22 Or. 389 (30 Pac. 37); *Tatum* v. *Massie*, 29 Or. 140, (44 Pac. 494); *Moody* v. *Richards*, 29 Or. 282 (45 Pac. 777). Let an order be entered affirming the judgment below.                                      AFFIRMED.