Argued September 30, decided October 7, rehearing denied November 20, 1913.

## STROBERG *v.* MERRILL.

### (135 Pac. 335.)

**Appeal and Error—Assignment of Error—Certainty.**

1. Assignments of error that the judgment is contrary to the evidence, that the judgment is contrary to the law, and that the court erred in regarding certain evidence offered by defendant and objected to by plaintiff, are too indefinite and general to notify the respondent or the court of the errors relied upon, and will be disregarded.

**Appeal and Error—Reservation of Exceptions—Necessity.**

2. An assignment of error that the findings of the trial court are not supported by the evidence will not be considered, where no objection or exception to the findings was taken in the trial court, and no application for other or further findings was made.

**Appeal and Error—Review—Findings of Court—Conclusiveness.**

3. The findings of the trial court, when a jury is waived, must be regarded as the verdict of a jury, and are conclusive upon appeal unless wholly unsupported by the evidence.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action by John A. Stroberg against Katherine Merrill to recover on five promissory notes

of $1,000 each. The defendant pleads payment. A trial by jury was waived. Findings were made in defendant's favor, and from a judgment thereon plaintiff appeals.                                            AFFIRMED.

For appellant there was a brief over the name of *Messrs. Kimball & Ringo,* with an oral argument by *Mr. Ernest R. Ringo.*

For respondent there was a brief over the names of *Mr. Martin L. Pipes* and *Messrs. Evans & Jacobson,* with an oral argument by *Mr. Pipes.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. There are four assignments of error: (1) That the judgment is contrary to the evidence; (2) that the judgment is contrary to law; (3) that the findings of fact and conclusions of law are not supported by the evidence; (4) that the court erred in regarding certain evidence offered by defendant and objected to by the plaintiff. Defendant contends that the record presents no question of error, in that the assignments of error are not specific enough to raise any question in this court. It has been uniformly held by this court that the assignments must state the ground of error with reasonable certainty: *Salmon* v. *Olds & King,* 9 Or. 488; *N. P. Terminal Co.* v. *Lowenberg,* 11 Or. 286 (3 Pac. 683); *Herbert* v. *Dufur,* 23 Or. 462 (32 Pac. 302); *Morrison* v. *McAtee,* 23 Or. 530 (32 Pac. 400). And under this rule assignments 1, 2 and 4 are too indefinite and general to notify the defendant or the court of the errors upon which the plaintiff intends to rely here.

2, 3. The third assignment involves no objection made nor exception taken in the trial court. Mr. Justice MOORE in *Taffe* v. *Smyth,* 62 Or. 227 (125 Pac.

308), says that findings of fact will not be disturbed
on appeal unless it satisfactorily appears that appli-
cation was made to the trial court for further or dif-
ferent findings, and the request therefor denied.   The
facts showing the error, exception to the finding, or a
request for a special finding and a refusal thereof are
necessary to raise the question on appeal: *Hicklin* v.
*McClear,* 18 Or. 126 (22 Pac. 1057); *Umatilla Irr. Co.*
v. *Barnhart,* 22 Or. 389 (30 Pac. 37); *McClung* v. *Mc-
Pherson,* 47 Or. 73 (81 Pac. 567, 82 Pac. 13).   From
these authorities it is established that the findings of
fact must be regarded as the verdict of a jury, and
are conclusive upon the appeal, unless they are wholly
unsupported by the evidence; and, if that fact is made
to appear by the bill of exceptions, the court may dis-
regard them: *Good* v. *Smith,* 44 Or. 578 (76 Pac. 354).
But to bring such questions here, there must have
been an exception taken thereto in the Circuit Court,
and assignments must be specific as to the alleged
error.   The waiver of a jury amounts to a request for
a special verdict, which necessitates a finding upon all
the material issues involved.   The case is not to be
tried anew in this court, but only upon specific errors
committed by the trial court upon matters brought to
its attention by objection and exception: *Moody* v.
*Richards,* 29 Or. 282 (45 Pac. 777).   And an exception
to the general result of such findings would call for a
trial anew.

The judgment is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and
MR. JUSTICE MCNARY concur.