Argued March 19; affirmed March 31; rehearing denied April 28, 1942

# NORTHWEST OIL CO. *v.* HASLETT WARE-HOUSE CO. ET AL.

(123 P. (2d) 985)

Before BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

Will H. Masters and Wilber Henderson, both of Portland (Platt, Henderson, Warner & Cram, of Portland, on the brief), for appellants.

C. O. Fenlason, of Portland, for respondent.

RAND, J. This is an action on a bond executed by the defendants under section 8-321, O. C. L. A., upon an appeal by Haslett Warehouse Company from a judgment awarding restitution to plaintiff of certain demised real property in an action of forcible entry and detainer. The judgment appealed from was entered in the district court for Multnomah county on May 2, 1939, and that judgment was affirmed on appeal by the circuit court for said county on August 24, 1939.

The section above referred to provides:

"If judgment be rendered against the defendant for the restitution of the real property described in the complaint, or any part thereof, no appeal shall be taken by the defendant from such judgment until he shall, in addition to the undertaking now required by law upon appeal, give an undertaking to the adverse party, with two sureties, who shall justify in like manner as bail upon arrest, for the payment to the plaintiff

of twice the rental value of the real property of which restitution shall be adjudged from the commencement of the action in which such judgment was rendered until final judgment in said action, if such judgment shall be affirmed upon appeal.''

The bond sought to be enforced herein was executed in accordance with those provisions and, by its terms, the defendants undertook and agreed to pay to plaintiff ''twice the rental value of the real property of which restitution shall be adjudged from the commencement of the action in which such judgment was rendered until final judgment in said action, if such judgment shall be affirmed upon appeal,'' and this action was instituted by the plaintiff to enforce payment as provided in said bond.

This cause was tried to the court without a jury and, at the end of the trial, the court duly made and entered its findings of fact and conclusions of law and rendered judgment in favor of plaintiff for the sum of $2,700, which it found was double the rental value of the premises in question from the time the action was commenced in the district court until the final judgment was entered in the circuit court. From this judgment, the defendants have appealed.

■ Under section 5-503, O. C. L. A., the findings of the court upon the facts shall be deemed a verdict. Under this provision, the findings of the trial court upon the facts are as binding and conclusive upon this court as if the findings had been made by a jury and cannot be set aside unless it can be held that the evidence fails to sustain them. The facts as disclosed by the record and as found by the court, in addition to those as stated above, are substantially as follows:

''The defendant Haslett Warehouse Co. is engaged in the business of field warehousing under statutory

authority and regulation. On the 15th of June, 1936, plaintiff and the warehouseman entered into a field warehouse storage contract, together with a warehouse lease, for the purpose of carrying on business in the State of Washington; thereafter the plaintiff transferred its business to a new plant in Multnomah County, and a lease bearing date of July 29th, 1938, was executed and included said premises; that there was a provision as shown by Exhibit 7 that plaintiff had the right at any time subsequent to six months after June 15, 1936, to terminate the contract, and there was a provision in the lease that the same could not be sublet without the consent of the lessor. Business was carried on under the provisions of the contract and the lease, and thereafter, on the 15th of March, 1939 (Exhibit 8) the defendant warehouse company notified the plaintiff that it had sold its Oregon interests in this line of work to the Lawrence Warehouse Company and of its intention to abandon the Oregon field and that it had arranged with the said Lawrence Warehouse Company to take over plaintiff's business. Upon receipt of this communication plaintiff promptly served notice upon said defendant of its intention to cancel the contract between the parties, relying upon the contract and the lease for such privilege. The plaintiff was desirous of securing the Douglas Guardian Warehouse Corporation to do the field warehousing for plaintiff and the defendant was so notified. Plaintiff notified defendant warehouse company on May 1st to vacate and deliver the premises, but the same was refused. Thereupon the said forcible entry and detainer action was instituted.

"By reason of outstanding contracts and an investment in the operation of the distribution of petroleum products in excess of $75,000.00, and the necessity of having petroleum products stored in tanks upon accessible premises to keep its business a going concern, with no cessation in deliveries, it was necessary to carry on with the defendant warehouseman. There was a large investment in delivery tanks and a volume of

business of approximately one million dollars per year. At this time, and in the interim during the appeal, there were no available terminal facilities to be found and plaintiff was obliged to carry on the business with the defendant warehouseman or expose itself to great damage in the carrying on of existing contracts and deliveries, and plaintiff notified the defendant warehouse company that it was transacting business upon the premises and with the defendant because it was forced to do so and not voluntarily; and the Court finds that the defendant warehouseman was in control of the premises, not because of the request of the plaintiff but because plaintiff was really compelled to make its distribution from the premises then under the control of the defendant, and in so doing and subsequent to the 2nd day of May, 1939, plaintiff delivered to the defendant petroleum products."

From these findings, the court found:

"That at all times on and after May 2nd, 1939, the defendant warehouseman was in possession of said premises and that by reason of the final judgment of the Circuit Court such possession was unlawful and said defendant was holding said premises unlawfully, and that plaintiff was at all times entitled to possession of said premises after said adjudication.

"That on May 2nd, 1939, and thereafter, there were no existing contractual relations between plaintiff and the defendant warehouseman, the same having been terminated and ended prior to the institution of the action for forcible entry and detainer on May 2nd, 1939, and that at no time on or subsequent to May 2nd, 1939, did plaintiff voluntarily do business with the said defendant but that whatever business was done was carried on by reason of the factual conditions prevailing compelling plaintiff to do said business; that the defendants are not entitled to any setoff against the amount due from them to plaintiff; that the reasonable rental value of the premises is the sum of $1350.00 and that the plaintiff is entitled to recover of and from said

defendants and each of them for twice the said reasonable rental value as provided in the surety contract.''

■ The evidence in all respects supports the above findings of the trial court.

The defendants, however, contend that, because the plaintiff was permitted by the Haslett Warehouse Company, during the time that the plaintiff was wrongfully deprived of its right to the exclusive possession of these premises, to store its gasoline and other petroleum products in its own storage tanks on the premises, as plaintiff was compelled to do because of the exigencies of its own business, the defendants ought to be discharged from their obligations under the bond.

■■ It is, of course, true, as said by Sedgwick on Damages, 9 ed., section 63, that ''if the wrongful act of the defendant at once confers a benefit and inflicts an injury, the loss actually caused will be the net result of the act to the plaintiff; and this net result will be the measure of damages'', but, as he points out in section 66, where ''the benefit is not caused by the wrongful act itself, the defendant cannot claim a reduction of damages on account of it''. This rule, however, has no application to the facts in this case. This is not an action to recover damages but to enforce a bond given in pursuance of a valid statute which fixes the liability of the parties to the bond as double the rental value of the premises during the time the plaintiff is wrongfully deprived of his right to the possession thereof by an appeal from a judgment of restitution in plaintiff's favor until final judgment is rendered.

■ The purpose of the holding over by the Haslett Warehouse Company was to compel the plaintiff, against its will, to permit the Lawrence Warehouse Company to occupy the premises as plaintiff's tenant

and to deprive the plaintiff of its right to lease the property to the Douglas Guardian Warehouse Company. This, being in violation of plaintiff's rights, was wrongful and, for this wrong, the statute provided the remedy by compelling the defendants to execute a bond in accordance with the provisions of the statute. The bond, as prescribed by statute, was a single bond and unaccompanied by any other conditions than the payment of the penal sum mentioned in the bond. As pointed out in 11 C. J. S., p. 420, subd. e, the statute pursuant to which this bond was executed constitutes a part of the contract of the bond and fixes the amount to be recovered by the plaintiff upon obtaining restitution of the premises through the affirmance of the judgment appealed from.

For these reasons, the judgment appealed from is affirmed.