Argued April 22; affirmed July 7, 1942

McPHERSON *v.* STATE INDUSTRIAL
ACCIDENT COMMISSION ET AL.

(127 P. (2d) 344)

Before KELLY, Chief Justice, and BAILEY, LUSK and RAND, Associate Justices.

*J. W. McInturff,* of Marshfield (McInturff & McInturff, of Marshfield, and E. C. Roberts, of Myrtle Point, on the brief), for appellant.

*C. S. Emmons,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and C. L. Marsters and Walter H. Evans, Jr., Assistant Attorneys General, on the brief), for respondent.

LUSK, J. Plaintiff, Susie E. McPherson, the widow of Donald McPherson, prosecutes this appeal from a judgment of the circuit court determining adversely her claim against the Industrial Accident Commission for compensation on account of the death of her husband. The decedent and his employers were subject to the provisions of the workmen's compensation act, and the only question in the circuit court was whether the accidental injury which brought about McPherson's death arose out of and in the course of his employment. The only question here which calls for discussion is whether the plaintiff-appellant has properly brought to this court for its consideration and determination any alleged error of the court below.

■ The plaintiff's brief contains no assignments of error as required by Rule 2 of this court. The purpose of this rule (as we assume is known to the profession) is to bring to the attention of this court specific rulings of the trial court claimed by the appellant to be erroneous and ground for reversal. It serves the convenience of both court and counsel, particularly in a law action, and, when it is ignored, the court may affirm the judgment without consideration of the plaintiff's brief. See, *Albright v. Keats Auto Co.*, 85 Or. 134, 137, 166 P. 758.

In the present case the rule may not have been observed because counsel for the plaintiff, except in the particular presently to be stated, makes no complaint of any ruling of the trial court other than that the court decided the case wrongly, and has argued the case here as if it were a suit in equity or this court were a jury. He contends, in so many words, that the case should be tried here anew. That contention arises out of the following situation disclosed by the record.

The case has been twice tried. The first trial was before Circuit Judge (now Mr. Justice) Brand and a jury. Judge Brand submitted the case to the jury, which disagreed and was discharged. Judge Brand then stepped aside of his own volition, and the parties agreed to retry the case before Circuit Judge Skipworth without a jury upon what is termed (erroneously as we think) "an agreed state of facts". Their agreement is in the form of· a written stipulation and contains a provision that the transcript of testimony taken at the first trial by the official court reporter "shall constitute an agreed state of facts between the parties, and that the matter shall be submitted to the Honorable G. F. Skipworth for decision upon said transcript of

testimony and upon the oral arguments of the attorneys for the respective parties".

The cause having been submitted, the court made and entered findings of fact and conclusions of law and entered judgment for the defendant. The plaintiff filed no objections to the findings of fact or conclusions of law and requested none of her own, and the only exception in the record (apart from exceptions to rulings on evidence about which no question is made here) is an exception to the judgment.

The plaintiff argues that, since the case was tried upon agreed facts and, therefore, no conflict in the evidence appears, it was not proper for the court to make findings of fact, and that the only issue in the circuit court and here "is the legal effect of this uncontradicted evidence". See, *Harris v. Schnitzer*, 146 Or. 391, 27 P. (2d) 1010, 1015.

We think that this contention rests upon a false premise. Both of the circuit judges who heard the case thought that the evidence presented an issue of fact, and we are of the opinion that, from the standpoint of the plaintiff, this is the most that can be said for the case. The argument in plaintiff's brief is in itself in part an argument based upon counsel's views of what are proper inferences to be drawn from the evidence, when opposing inferences might be drawn with at least equal propriety. To show that this is so it is necessary to state the facts briefly.

The decedent, Donald McPherson, was employed as a logger by Laub & Barrows. He had finished his work for the day, and, in company with four fellow workers, was being transported to his home several miles distant from the logging operation in an automobile owned and

driven by Harlan Wiley, the foreman of the crew with which McPherson worked. This transportation was furnished by Wiley as an accommodation to McPherson and the others and was no concern of their employers. The road over which the automobile was proceeding was a private logging road used principally by trucks which hauled logs from the Laub & Barrows operation. The operators of these trucks worked under a contract with one Laird, the owner of the timber which Laub & Barrows were cutting under a contract. While so en route the Wiley automobile came upon one of these trucks loaded with logs which had stalled on a grade. Wiley drove his automobile around the truck and ahead of it, and he and McPherson got out and attached a chain from the Wiley automobile to the truck for the purpose of towing it. With Wiley at the wheel of his automobile and McPherson and another pushing at the side of the truck, they succeeded in getting it started, and while it was in motion McPherson slipped or in some other manner fell beneath the wheels of the truck and was killed.

The plaintiff alleged in her complaint that McPherson was requested by representatives of Laub & Barrows to assist in this work, and in plaintiff's brief it is repeatedly stated that he was directed to do so by his foreman, Wiley. The brief also says, ''the fair presumption from all of these facts is that Donald McPherson did what he was instructed to do by his foreman''. There is evidence that ''somebody asked for help'', but, aside from this, there is nothing to support either the categorical statements or the inferences drawn in the brief respecting this question; and the court found that Wiley gave no directions or orders to McPherson, that Wiley had no jurisdiction or authority

over McPherson, that whatever the latter did in helping to move the truck was a voluntary act on his part, and that the accident did not arise out of or in the course of the employment of McPherson with Laub & Barrows. These findings are deemed a verdict, § 5-503, 1 O. C. L. A.

■ The case is argued in the brief on the theory that Wiley had authority to order McPherson to assist in the work. Possibly it was legitimate to draw such an inference, but one of McPherson's fellow workers, who was a passenger in Wiley's automobile, testified that he did not consider himself under Wiley's orders at that time, and a question of fact on this issue was presented.

Testimony was introduced tending to show that it was a local custom for loggers to render assistance to trucks stalled on a private logging road, but one of the witnesses so testifying said: "We would help them out if we felt like it and if we didn't we wouldn't".

■ These illustrations without more—and others could be adduced—suffice to demonstrate that the so-called "agreed state of facts" was not an agreed state of facts at all. The parties could not make it so by giving it that name. The effect of their stipulation was to submit the cause to the court on testimony previously taken which, in many particulars, was contradictory. It would have been impossible for the court to try the case in any other way than by resolving these conflicts and finding the ultimate and controlling facts.

■ We have examined the testimony, not with any idea of seeking to determine whether it supports the findings, but for the sole purpose of ascertaining whether there is any merit in the plaintiff's claim that it was improper for the circuit court to make findings. We

conclude that there is none. The findings were made and filed by the court in compliance with the provisions of § 5-502, 1 O. C. L. A. The plaintiff, under that statute, had the right to object to the findings made and request other different or additional ones. As stated, she did none of these things, and she cannot now assert reversible error because of the court's failure to find in accordance with her theory, *School Dist. No. 106 v. New Amsterdam Casualty Co.*, 132 Or. 673, 288 P. 196.

■ Section 10-810, 2 O. C. L. A., provides: "Upon an appeal from a judgment, the same shall only be reviewed as to questions of law appearing upon the transcript * * *." The only question of law so appearing that could be raised here upon the present record is whether the findings support the judgment. The plaintiff does not raise that question. Instead, her counsel bases his argument on a state of facts opposed in important and vital particulars to those found by the trial judge.

In that situation there is nothing under the law and the established rules of procedure for the court to pass upon, and the judgment must, therefore, be affirmed.