Argued October 12, affirmed December 20, 1949; petition for
rehearing denied February 7, 1950

# CONSOLIDATED FREIGHTWAYS, INC. *v.*
# WEST COAST FAST FREIGHT, INC.

212 P. (2d) 1075
214 P. (2d) 475

*James P. Cronan, Jr.,* of Portland, argued the cause for appellant. With him on the brief were Schafer & Holbrook and James A. Nelson, of Portland.

*Earl F. Bernard,* of Portland, argued the cause for respondent. On the brief were Merwin Rankin and Collier & Bernard, of Portland.

Before LUSK, Chief Justice, and BRAND, ROSSMAN, BAILEY and HAY, Justices.

LUSK, C. J.

This is an appeal by the plaintiff from the judgment of the Circuit Court in an action tried to the court without jury.

The action arose out of a collision on a public highway in the state of Washington between trucks owned and operated by the respective parties. The plaintiff, charging negligence against the defendant, sought to recover for the damages to its truck; the defendant denied negligence on its part, and, in a counterclaim which alleged that the accident was caused by the negligence of the plaintiff, asked judgment for the damages to its truck. After a trial the court entered detailed findings of fact, the effect of which is that the accident was proximately caused by the negligence of the plaintiff and that the defendant was free from negligence. As a conclusion of law the court found that the defendant was entitled to recover a judgment in the sum of $1,332.82 and judgment was entered accordingly.

No objection to the findings or request for other different or additional findings was made by the plaintiff.

The plaintiff's brief contains two assignments of error, to the effect that the court erred in finding that the plaintiff was negligent and that such negligence,

if any, was the proximate cause of the accident, both assignments being based on the claim that there is no substantial evidence to support the findings. Counsel for the defendant urge that these assignments present no question for the consideration of this court, for the reason that the plaintiff made no objections to the findings entered and failed to request other, additional or different findings.

■ The procedure to be followed in cases of this sort is outlined in § 5-502, O. C. L. A., which is printed in the margin.* As originally enacted in 1862 this statute, while requiring the court to make and file findings of fact and conclusions of law, contained no express provision for objections to, or requests for, findings. § 216, General Laws of Oregon 1845-1864 (Deady). Such provisions were added by amendments, first by Ch. 211, General Laws of Oregon 1925, and later by Ch. 165, General Laws of Oregon 1927. But whether under the statute in its original, or in its present form, it has uniformly been held that, in order to raise in the Supreme Court the question of the failure to make findings in accordance with a party's theory, the failure to find on an issue claimed to be material, or the sufficiency of the evidence to support a finding, the question

---

* "Upon the trial of an issue of fact by the court, its decision shall be given in writing, and filed with the clerk during the term or within twenty days thereafter. The decision shall consist of either general or special findings without argument or reason therefor. All parties appearing in the case shall have the right to request either special or general findings, and if any findings are requested by any party litigant such requested findings shall be served upon all the other parties who have appeared in the case and such adverse parties may, within ten days after such service, present to the trial judge objections to such proposed findings or any part thereof and request other, different, or additional findings. When the findings are prepared by the court or judge thereof, a copy of such findings shall be served upon, or mailed to, all parties appearing in the case or their attorneys ten days before the same are filed, and any party litigant may, within such ten days, object, thereto and request other, different, or additional findings. Nothing herein contained shall prevent the court from shortening the time in which to file objections or request other, different, or additional findings or prevent the parties to the case stipulating or agreeing to the findings to be entered."

must first be brought to the attention of the trial court by objections to proposed findings or requests for other, different or additional findings. The most recent decision is *McPherson v. State Industrial Accident Commission,* 169 Or. 190, 196, 127 P. (2d) 344 (1942). Among many others applying the rule are *School Dist. No. 106 v. New Amsterdam Casualty Co.,* 132 Or. 673, 676, 288 P. 196; *Maddox v. McHattan,* 111 Or. 324, 326, 327, 224 P. 833, 226 P. 427; *Stroberg v. Merrill,* 67 Or. 409, 410, 135 P. 335; *Taffe v. Smyth,* 62 Or. 227, 229, 125 P. 308; *Harris v. Harsch,* 29 Or. 562, 568, 46 P. 141; *Tatum v. Massie,* 29 Or. 140, 147, 44 P. 494; *Noland v. Bull,* 24 Or. 479, 481, 33 P. 983; *Umatilla Irrigation Co. v. Barnhart,* 22 Or. 389, 390, 30 P. 37; *In re Fenstermacher,* 19 Or. 504, 507, 508, 25 P. 142; *Hicklin v. McClear,* 18 Or. 126, 138, 22 P. 1057.

■■ Three of our decisions are cited by the plaintiff to the proposition that "It is error to make a finding of fact with no satisfactory evidence to support it." *Northwest Oil Co. v. Haslett Warehouse Co.,* 168 Or. 570, 123 P. (2d) 985; *Pacific Wool Growers v. Draper & Co.,* 158 Or. 1, 73 P. (2d) 1391; *Silver Falls Timber Co. v. Eastern & Western Lumber Co.,* 149 Or. 126, 184, 40 P. (2d) 703. With the substitution of the word "substantial" for "satisfactory", there can be no doubt of the correctness of the rule stated. But the question here, is how the error shall be made to appear, and, as has been frequently said, it is not error alone, but error legally excepted to, which constitutes ground for reversal. While formal exceptions are no longer required, except in the specific instances mentioned in Ch. 257, Oregon Laws 1941, it is still required that the appellant must first, in some fashion, have made his objection or request for a ruling to the trial court

(*Williams v. Ragan,* 174 Or. 328, 337, 143 P. (2d) 209);
in this instance in the manner already pointed out. As
to the cases above cited, on which the plaintiff relies,
it appears that in each of them the appellant made his
record by objections to the findings and requests for
findings.

The plaintiff also cites *Burke Machinery Co. v.
Copenhagen,* 138 Or. 314, 6 P. (2d) 886, in which this
court considered the question of the sufficiency of the
evidence. It is true, as counsel for the plaintiff say,
that the printed abstract does not show that objections
to the findings were made in that case. The original
record, however, which is on file here, discloses that
the appellant filed with the trial court both objections
to the challenged findings and a request for a finding
that there was no evidence to support certain allega-
tions of the complaint. The case is not authority for
the plaintiff's position.

There is no contention that the findings do not
support the judgment, and, as there is no other question
properly before us, the judgment is affirmed.

---

PETITION FOR REHEARING

*Schafer, Holbrook & Cronan, James P. Cronan, Jr.,*
and *James A. Nelson,* of Portland, for the petition.

*Collier & Bernard* and *Merwin Rankin,* of Portland,
contra.

Before LUSK, Chief Justice, and BRAND, ROSSMAN,
BAILEY and HAY, Justices.

LUSK, C. J.

The argument of the appellant in support of the petition for rehearing is to the following effect: The statute in effect when many of the decisions cited in our former opinion were rendered, and which stand for the necessity of objections to, or requests for, findings, in order to raise in this court the question of the sufficiency of the evidence, did not mention such objections or requests. That statute (§ 216, General Laws of Oregon 1845-1864 (Deady)) read:

> "Upon the trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk during the term, or within twenty days thereafter. The decision shall state the facts found and the conclusion of law separately, without argument or reason therefor. Such decision shall be entered in the journal, and judgment entered thereon accordingly. The court may deliver any argument or reason in support of such decision, either orally or in writing, separate from the decision, and file the same with the clerk."

■ Specific provisions as to objections to, and requests for, findings did not come into the statute until its amendment by Ch. 165, General Laws of Oregon 1927, now § 5-502, O. C. L. A., which is set out in full in our former opinion. It is conceded that the decisions of this court, prior to 1927, support the view that the question of the sufficiency of the evidence cannot be

raised on appeal unless it has first been raised in the trial court in the manner heretofore stated. It is argued, however, that the 1927 amendment changed all this because its provisions are purely permissive and do not require a party either to object to findings or to request findings. It is sought to fortify the argument by reference to the principle that, where the legislature has permitted to stand undisturbed over a period of years an interpretation of a statute by this court, an assumption of legislative approval of such interpretation may be indulged. *Ryan v. State Industrial Accident Commission,* 154 Or. 563, 567, 568, 61 P. (2d) 426. From these considerations the conclusion is drawn that the legislature, by the 1927 amendment, intended to provide a different practice on appeal than that which had formerly prevailed.

■ We think the conclusion is a non sequitur. Since the original statute said nothing of objections to findings or requests for findings, the decisions prior to 1927 were not an interpretation of that statute. They were simply the application to a particular situation, and against the background of the statute, of a settled general rule of practice in this state, to wit: that in actions at law, whether tried to a jury or by the court without a jury, error of law, such as is assigned here, will not be considered on appeal unless it is made to appear by a bill of exceptions. This is the basis of the decisions in *Stroberg v. Merrill,* 67 Or. 409, 135 P. 335; *Taffe v. Smyth,* 62 Or. 227, 229, 125 P. 308, and in the other cases cited in our former opinion.

■ Consequently, we think that there is no merit in the suggestion that the legislature intended by the 1927 enactment to deal in any way with appellate procedure. That amendment was an implementation

of the prevailing practice. Its purpose was to pre-
scribe rules for that practice: to fix the time within
which requested findings, either special or general,
must be served on the opposing party, the time for
presenting objections to such requested findings, and
to allow time for objections to findings prepared by
the court. In one sense there has never been any
requirement of statute, or otherwise, that the defeated
party in the Circuit Court must follow the practice
of objecting to findings or requesting findings. He
could always do as he liked about it. But, in another
sense, if he wished to appeal and invoke this court's
consideration of certain types of error, including the
error assigned on this appeal, the practice is today,
and always has been, compulsory: the objection must
be made or the finding requested, and the adverse
ruling thereon brought to this court, with the evidence,
in a bill of exceptions. The 1927 amendment discloses
no intention to change that practice.

The petition for rehearing will, therefore, be denied.